STATE of Missouri, Plaintiff-Respondent,

v.

Fred Benjamin CARLISLE, Defendant-Appellant.

No. 33546.

St. Louis Court of Appeals, Missouri.

May 26, 1970.

Sullivan & Duggan, Lester W. Duggan, Jr., O'Fallon, for defendant-appellant.

Andrew H. McColloch, Pros. Atty., John T. Bruere, Asst. Pros. Atty., St. Charles, for plaintiff-respondent.

BRADY, Justice.

Defendant was convicted of a misdemeanor; i. e., operating a motor vehicle while in an intoxicated condition. The jury fixed his punishment at a fine of $100.00. Judgment was entered accordingly. He appeals.

It is not necessary to burden this opinion with a recitation of the facts. Defendant advances only one point; i. e., the giving of Instruction No. 5 which reads: "The Court instructs the jury that if you find and believe from the facts and circumstances in evidence in this case, beyond a reasonable doubt, that the defendant is guilty of driving a motor vehicle while in an intoxicated condition then you must assess his punishment as follows: 1. Imprisonment in the County Jail for a term of not more than six (6) months, or: 2. By a fine of not less than One Hundred ($100.00) Dollars, or: 3. By both such jail imprisonment and fine."

Defendant contends the giving of this instruction was prejudicially erroneous because: 1) it is inconsistent with Instruction No. 1; 2) it fails to instruct the jury as to the minimum term of imprisonment;

**632**

and 3) it fails to instruct the jury with respect to the maximum fine.

Defendant argues that the pertinent statutes [1] are §§ 564.440, 556.270, and 546.500. The first provides that operation of a motor vehicle while in an intoxicated condition is a misdemeanor and fixes the punishment for the first offense at a fine of not less than $100.00 or imprisonment in the County Jail for a term not exceeding six months or both. Section 556.270 provides a maximum fine of $1,000.00 in any misdemeanor case where the specific statute does not provide for the penalty. The last of the statutes upon which defendant bases his argument provides for a maximum fine of $1,000.00 where no limit is fixed by law.

 It is unnecessary to set forth Instruction No. 1 verbatim. It is the normal and usual instruction informing the jury of the court's duty to instruct them on the law, their duty to follow such instructions, and their duty to find defendant guilty or not guilty according to the facts as they find them to be under the evidence in the instructions. It further cautions the jury that nothing in the instructions is to be taken as any indication of what the court believes the facts to be as the jury are the sole judges of the facts. It further informs them that a verdict of either guilty or not guilty must be reached by the concurring opinion of all twelve and signed by the foreman. We cannot see how Instruction No. 5 is in any way inconsistent with that instruction and rule this point against defendant.

Neither can we find any prejudicial error in the failure of Instruction No. 5 to instruct the jury as to the minimum term of imprisonment. Section 564.440 as amended fixes the punishment for driving a motor vehicle while intoxicated as it is stated in the instruction. No minimum term of imprisonment is stated in the sense of prescribing a minimum of a certain number of days or weeks or months. Nevertheless, it is clear that when both the statute and the instruction refer to a term "not exceeding six months" it is plain that the intent of the legislature was not to prescribe any minimum sentence. The instruction is in the language of the statute and in addition defendant was not sentenced by the jury verdict to any term of imprisonment. For these reasons we rule this allegation of error against defendant.

The last contention advanced by defendant is that the instruction is prejudicially erroneous for the reason that it fails to instruct as to the maximum fine. The jury fixed defendant's punishment at the minimum and judgment was entered in accordance with that verdict. We cannot see how he could possibly be prejudiced by failure to include in this instruction that the maximum fine could have been $1,000.00. See § 546.500, supra. Defendant is incorrect in his contention that § 556.270 applies. That section applies only when the statute declares an offense to be a misdemeanor and does not prescribe any punishment. As stated, § 564.440 does so prescribe.

The judgment is affirmed.

WOLFE, P. J., and DOWD, J., concur.

1. All statutory references are to RSMo 1959, V.A.M.S.